NOT DESIGNATED FOR PUBLICATION

No. 118,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY RIDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 6, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Anthony E. Ridley appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Ridley's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On August 29, 2016, Ridley pled guilty to one count of attempted aggravated indecent solicitation of a child, one count of aggravated battery, and one count of lewd and lascivious behavior. On October 13, 2016, the district court imposed a controlling sentence of 34 months' imprisonment and granted probation for a term of 24 months.

1

At a hearing on September 14, 2017, the district court found that Ridley had violated the conditions of his probation by committing a new offense of domestic battery, by residing with his children in violation of a court order, and by failing to attend sex offender treatment. Due to the commission of a new offense, and based on public safety findings, the district court revoked Ridley's probation and ordered him to serve his underlying prison sentence. Ridley timely appealed.

On appeal, Ridley claims the district court "abused its discretion in revoking [his] probation when sanctions remained a viable alternative." However, Ridley acknowledges that the district court can bypass intermediate sanctions upon making public safety findings or when the defendant commits a new offense while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Ridley's probation after finding that he had committed a new crime of domestic battery while on probation. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8). The district court also found that the safety of the members of the public would be jeopardized by imposing an intermediate sanction. See K.S.A. 2017

Supp. 22-3716(c)(9). Ridley does not challenge the sufficiency of this finding on appeal. The district court's decision to revoke Ridley's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Ridley has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Finally, Ridley claims the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proven to a jury beyond a reasonable doubt." However, Ridley did not timely appeal his original sentence, which was imposed on October 13, 2016. See K.S.A. 2107 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Ridley did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Ridley's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.